# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>HOME DEALS OF MAINE, LLC<br><br>Debtor | Bk. No. 21-10267<br>Chapter 11 |
| HOME DEALS OF MAINE, LLC,<br><br>Plaintiff<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR FIDELITY & GUARANTY LIFE MORTGAGE TRUST 2018-1,<br><br>Defendant | Adversary No. 23-01010-PGC |

## RULE 26(f) REPORT

The parties engaged in a discovery conference under Fed. R. Civ. P. 26(f) on January 30, 2024:

⊠ by telephone;
☐ by videoconference; or
☐ in person.

*Check one of the options above.*

By submitting this document, the parties represent that, during their discovery conference, they considered the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; made or arranged for the disclosures required by Fed. R. Civ. P. 26(a)(1); discussed any issues pertaining to the preservation of discoverable information; and developed the following proposed discovery plan, all as required by Fed. R. Civ. P. 26(f)(2).

## Proposed Discovery Plan

1. Initial disclosures under Fed. R. Civ. P. 26(a)(1):

    ☒ will be made according to the following timeframe stipulated by the parties: **by March 8, 2024**
    ☐ will be made within the timeframe established by the pretrial scheduling order.
    ☐ will not be made because this proceeding is exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1)(B).
    ☐ have been completed by all parties.

    *Check one of the options above. If the parties cannot agree on a schedule for completing initial disclosures, the final option should be selected, and the parties must be prepared to discuss this issue with the Court at the scheduling conference.*

2. Expert disclosures under Fed. R. Civ. P. 26(a)(2) will be made:

    ☐ according to the timeframe set forth in Fed. R. Civ. P. 26(a)(2)(D).
    ☒ according to the following timeframe stipulated by the parties: **by May 31, 2024**
    ☐ within the timeframe established by the pretrial scheduling order.

    *Check one of the options above. If the parties cannot agree on a schedule for completing expert disclosures, the final option should be selected, and the parties must be prepared to discuss this issue with the Court at the scheduling conference.*

3. Pretrial disclosures under Fed. R. Civ. P. 26(a)(3) will be made and filed:

    ☒ at least 30 days before trial, per Fed. R. Civ. P. 26(a)(3)(B).
    ☐ on the following deadline, as agreed by the parties:
    ☐ within the timeframe established by the pretrial scheduling order.

    *Check one of the options above. If the parties cannot agree on a schedule for completing pretrial disclosures, the final option should be selected, and the parties must be prepared to discuss this issue with the Court at the scheduling conference.*

4. Discovery:

    May be needed on the following subjects:

    <u>Plaintiff's Response</u>: Representations made prior to the origination of the loan; the relationship between the broker and the lender; the circumstances of the execution of the loan documents; the servicing history; the lender/servicers' actions in paying taxes and insurance; the actions of the lender after the petition date; the facts supporting Defendant's proof of claim and supplemental proof of claim.

    <u>Defendant's Response</u>: Defendant anticipates propounding written discovery, including interrogatories, requests for admission, and requests for production focusing primarily on plaintiff's claims and alleged damages; focus to be placed upon the production of evidence of payments made and unapplied and/or written documentation and/or histories of attempts to tender funds; written notes taken and/or documentation procured at origination and/or conversations with all prior and/or current servicers. (Defendant intends to depose plaintiff's corporate representative(s), including Jo Roderick, and plaintiff's disclosed experts in connection therewith.)

    Should be completed by: **July 30, 2024**

    **Should not** be conducted in phases or limited to or focused on particular issues.

    *\*Provide the information prompted. If any party believes that discovery should be phased, limited, or focused, that party must be prepared to discuss this issue with the Court at the scheduling conference.*

5. Disclosure, discovery, or preservation of electronically stored information ("ESI"):

    <u>Plaintiff's Response</u>: Documents received to date indicate that there may be issues regarding the production of ESI, but that has not yet been confirmed.

    <u>Defendant's Response</u>: Defendant does not believe there is a significant amount of ESI relevant to this lawsuit and that this is not an issue in this proceeding.

    *\* If ESI is, or may be, an issue, the parties must be prepared to discuss this issue and any proposals for managing the issue with the Court at the scheduling conference.*

6. Claims of privilege or of protection as trial-preparation materials **are not anticipated to be** an issue in this proceeding.

    *\* If any party believes that such claims are an issue, that party must, at the scheduling conference, be prepared to describe: (i) the issue; (ii) any agreements the parties may have for asserting such claims after production; and (iii) any requests for the Court to include that agreement in an order under Fed. R. Evid. 502.*

7. Request to Convene Initial Pretrial Conference:

☐ One or more of the parties requests that the Court convene the initial pretrial conference as scheduled, notwithstanding any agreement on the terms of a discovery plan.

*\*Check the box above if applicable.*

8. Additional Matters:

    ☐ Limitations on Discovery:

    *\*Describe any proposed changes in the limitations on discovery under the Fed. R. Civ. P., or any additional limitations requested by any party.*

    ☒ Protective Orders: Defendant anticipates a protective order may be necessary in connection with any discovery into confidential, trade secret or proprietary information related to servicing of the subject loan. Plaintiff would be willing to consent to an appropriately limited protective order.

    *\*If any party seeks to have a protective order included in the pretrial scheduling order, describe the proposed protective order here.*

    ☐ Other Orders:

    *\*Describe any other provisions that any party would like the Court to include in the pretrial scheduling order under Fed. R. Civ. P. 16(b) or (c), and the reasons that such provisions should be included.*

*\*Check any of the boxes that apply and provide the information prompted.*

Dated January 30, 2023.

        /s/ Kelly W. McDonald
        Kelly W. McDonald
        Counsel for Plaintiff

MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME  04104-5085
(207) 773-5651
kmcdonald@mpmlaw.com

        /s/ Thomas A. Cox
        Thomas A. Cox
        Counsel for Plaintiff

Law Office of Thomas Cox
P.O. Box 1083
Yarmouth, ME 04096
(207) 749-6671
tac@gwi.net

        U.S. Bank, National Association, not
        in its individual capacity, but solely as
        trustee for Fidelity & Guaranty Life Mortgage Trust
        2018-1
        By its attorneys,

        */s/ Robert E. Scott*
        (Admitted *Pro Hac Vice*)
        AKERMAN LLP
        215 South State St., Suite 550
        Salt Lake City, Utah 84111
        Tel: (801) 907-6910.
        Robert.Scott@akerman.com

        */s/ Marcus Pratt*
        Marcus Pratt
        Korde & Associates, P.C.
        900 Chelmsford Street, Suite 3102
        Lowell, MA 01851
        Tel: (978) 256-1500
        mpratt@kordeassociates.com
        bankruptcy@kordeassociates.com